MATTHEW MACTAGGERT, Respondent, v. PUTNAM CORSET
COMPANY, Appellant.

*Supreme Court, Second Department, General Term, February 10, 1890.*

*Attachment. Fraud.*—Stoppage of business and insolvency do not nec-
essarily establish fraud, but, taken in connection with the removal of
machinery from the mill, may justify a party in swearing to an intent to
defraud.

Appeal from order denying motion to vacate a warrant of
attachment.

*E. G. Kremer*, for appellant.

*Frederic S. Barnum*, for respondent.

BARNARD, P. J.—The defendant is a manufacturing com-
pany, organized under the laws of New York, having its place
of business at Brewsters, New York. The papers state that
the company is indebted to the plaintiff in the sum of eighty-
four dollars for four weeks' work and labor at an agreed
price of twenty-one dollars per week, which has not been
paid.

The plaintiff obtained an attachment against the defend-
ant upon the ground that the defendant had assigned, dis-
posed of and secreted, and was about to assign, dispose of
and secrete its property with intent to defraud its creditors.

The question presented on the appeal is as to the sufficiency
of the affidavit to authorize the attachment. The facts
stated in the affidavit are all such as would presumably be
within the knowledge of the plaintiff. These facts are, that
the defendant had stopped business for some six weeks

before the warrant was obtained. All its manufactured material had been taken away, except certain machinery and plant. That a few days before the application for the attachment the president of the company removed parts of the machinery and sent them to places not known. That the president directed the entire machinery to be removed from the factory. The company has discharged all its employes, is insolvent and there is a suit pending for a receiver. These facts are sufficient to authorize the warrant; stoppage of business and insolvency are not necessarily evidence of an intent to defraud. Taken in connection with a removal of the property, and especially of a removal of the machinery from the factory, where it can only be of much value or of any use, then the facts of stoppage of business and insolvency add to the inference from the removal and justify the plaintiff in swearing to the evil intent to defraud. No other conclusion is fairly to be deduced from the facts.

The order should, therefore, be affirmed, with costs.

PRATT, J., concurs; DYKMAN, J., not sitting.